# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LUTHERNA MAE PATTERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case number 4:08cv0689 TCM |
| ) | |
| DIERBERG'S MARKETS, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the Court[1] on a motion for summary judgment filed by defendants United Food and Commercial Workers Union Local 655 ("Local 655"), Scott Eschenbrenner, and Lynn Hoban (hereinafter collectively referred to as "Union Defendants") [Doc. 53]; a motion for summary judgment filed by defendants Dierberg's Markets, Inc. ("Dierberg's"), Eric Crist, Brian Voss, Andrew Rootz, Jason Bayer, Howard Meyer, Kimberly Bynum, Joyce Sullivan, Walter Cole, Joe Frazier, Linda Dunn, Judy Segelle, Steven Goldstein, and Mark Dierbergs (hereinafter collectively referred to as "Dierberg's Defendants") [Doc. 57]; and a motion for judgment filed by Plaintiff, Lutherna Mae Patterson ("Plaintiff") [Doc. 61].

## Background

Plaintiff worked for Dierberg's for a number of years until her termination on July 26, 2007. (Union Defs. Ex. 4, Ex. E-1.) She worked first as a courtesy clerk and then as a

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

cashier. (Id. Ex. E-1.) It was in this second position, that Plaintiff received a five-day suspension in June 2007 for allegedly complaining to a customer about Dierberg's making her work when she was sick. (Id. Ex. E-3.) The notice of suspension cautioned Plaintiff that any further "improper conduct" would result in the termination of her employment. (Id.) On July 22, she was again placed on a five-day suspension. (Id. Ex. E-5.) The stated grounds for this suspension were that she had sent another employee, Andrew Rootz, to the parking lot to ask a customer if she had paid for her groceries. (Id.) Rootz gave a statement to this effect, and the customer's husband called in to complain about Plaintiff's conduct. (Id. Exs. E-4, E-6.) On July 26, Plaintiff was terminated.

On August 13, 2007, Plaintiff was notified that her union, Local 655, was not going to pursue her grievance on her termination. (Union Defs. Ex. 3.)

On December 11, 2007, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Union Defs. Ex. 1.) In the narrative portion of her charge, Plaintiff explained that Rootz had misrepresented what she said in retaliation for (a) her daughter, also a Dierberg's employee, for writing him up and (b) her complaints about him not bagging and not doing his job. (Id. at 2-3.) She alleged that she was discriminated against because of her race (Caucasian), sex, age (over the age of 40 years), and in retaliation. (Id. at 2.) The date of the discriminatory act was July 22, 2007. (Id.)

Also on December 11, 2007, a right-to-sue letter was issued to Plaintiff at the same address as listed on her complaint. (Union Defs. Ex. 2.) This letter included a warning that

a lawsuit "**must be filed WITHIN 90 DAYS of [the] receipt of this notice.**"  (Id.)  The warning was in a paragraph that, in bold letters, began with a reference to "Title VII" and the "ADEA."  (Id.)

On May 14, 2008, she filed her pro se complaint.[2]  She lists causes of action for fraud, violations of the Fourteenth and First Amendments, and violations of "U.S. Codes 42 and 92."[3]  In the narrative portion of the complaint, Plaintiff explains why the allegations of improper conduct on July 22 are untrue and outlines what little Local 655 did to assist her.

Both the Union Defendants and the Dierberg's Defendants move for summary judgment on the grounds that (a) the allegations of fraud lack the required specificity; (b) the allegations of racial and sexual discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e through 2000e-17 ("Title VII"), and of age discrimination, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621-634, are untimely filed; and (c) there is no individual liability under Title VII or the ADEA.  The Union Defendants additionally argue that, insofar as Plaintiff's allegations may be construed to state a claim for breach of the duty of fair representation, such claim is untimely.  The Dierberg's Defendants additionally argue that Plaintiff's allegations of First and Fourteenth Amendment violations fail because they are not state actors.

---

[2]An amended complaint added several defendants, but no new substantive allegations.  For ease of reference, the Court will refer only to the complaint.

[3]As noted by the Union and Dierberg's Defendants, Plaintiff is probably referring to Title 29 of the United States Code.  There is no Title 92.

In her motion, Plaintiff challenges the authenticity of some of the exhibits and the weight to be given other exhibits.[4]

**Discussion**

"'Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.'" **Loeb v. Best Buy Co.**, 537 F.3d 867, 871 (8th Cir. 2008) (quoting Carraher v. Target Corp., 503 F.3d 714, 716 (8th Cir. 2007)). When making this determination, the Court views the evidence, and any reasonable inferences therefrom, in the light most favorable to Plaintiff. **Id.** "In deciding whether an issue of material fact exists that would prevent the entry of summary judgment, [the Court is] mindful that [it does] not sit as a super-personnel department to review the wisdom or fairness of [Dierberg's] decision to terminate [Plaintiff]." **Id.** at 871-72 (quotations omitted); accord **Ward v. Int'l Paper Co.**, 509 F.3d 457, 462 (8th Cir. 2007).

Fraud. In her list of causes of action, Plaintiff first alleges "termination of employment by fraud."

Claims of fraud must be pled under Rule 9(b) of Federal Rules of Civil Procedure with particularity,[5] including "'the time, place and contents of false representations, as well

---

[4]Plaintiff titles her pleading as a "Motion for Judgment." In an accompanying affidavit, she requests "an order dismissing and payment of damages." The Dierberg's Defendants construe this a request for a voluntary dismissal of her case. A review of the entire pleading and of others filed by Plaintiff indicate that her request is for a favorable judgment, not for a dismissal.

[5]The Court notes that Missouri Supreme Court Rule 55.15 has a similar provision: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

as the identify of the person making the misrepresentation and what was obtained or given up thereby.'" **BJC Health Sys. v. Columbia Cas. Co.**, 478 F.3d 908, 917 (8th Cir. 2007) (quoting Abels v. Farmers Commodities Corp., 259 F.3d 910, 920 (8th Cir. 2001)). "In other words, the party must typically identify the 'who, what, where, when, and how' of the alleged fraud." **Id.** (quoting United States ex rel. Costner v. URS Consultants, Inc., 317 F.3d 883, 888 (8th Cir. 2003)). This particularity required by Rule 9(b) "is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations." **Costner**, 317 F.3d at 888.

The need for particularity when fraud is alleged is evident when an employee in Missouri is challenging her termination. Absent a contract for employment or a constitutional or statutory provision, a Missouri employee may be discharged at any time, with or without cause.[6] **Scott v. Mo. Valley Physicians, P.C.**, 460 F.3d 968, 970 (8th Cir. 2006); **Baum v. Helget Gas Products, Inc.**, 440 F.3d 1019, 1022 (8th Cir. 2006); **Bloom v. Metro Heart Group of St. Louis, Inc.**, 440 F.3d 1025, 1028 (8th Cir. 2006). Plaintiff does not allege that she had an employment contract with Dierberg's.[7] And, insofar as

---

[6]There is a public policy exception to this doctrine. **Scott v. Mo. Valley Physicians, P.C.**, 460 F.3d 968, 970 (8th Cir. 2006). The exception includes four categories of cases: "1) discharge due to a refusal to perform an illegal act; 2) discharge based on an employee's act of reporting violations of law or public policy to superiors or public authorities; 3) discharge based on an employee's participation in acts encouraged by public policy, such as jury duty; and 4) discharge because an employee filed a worker's compensation claim." **Id.** Plaintiff's allegations do not fall within any of these categories.

[7]Any claims arising from Local 655's collective bargaining agreement with Dierberg's are addressed below in the discussion of the duty of fair representation.

Plaintiff's claims arise under a statutory or constitutional provision, the claims are addressed below.

In Missouri, there is no cause of action for a wrongful discharge based simply on fraud. See **Hanrahan v. Nashua Corp.**, 752 S.W.2d 878, 883-84 (Mo. Ct. App. 1988). See also **Bishop v. Shelter Mut. Ins. Co.**, 129 S.W.3d 500, 505-06 (Mo. Ct. App. 2004) (holding in case in which plaintiff alleged his employment was terminated in bad faith that, in Missouri, "the reason for an employee's termination is inconsequential and irrelevant, unless the firing violates a statute or public policy"). Thus, Plaintiff's conclusory reference to termination of her employment by fraud fails to include the necessary particularity to satisfy Rule 9(b), even when, as here, it is accompanied by allegations of misstatements and misrepresentations.

Title VII and ADEA Claims. It is undisputed that the right-to-sue letter dated December 11, 2007, was sent to Plaintiff at her current address. It is also undisputed that she filed this action on May 14, 2008, 154 days after the date on the letter.

Title 42 U.S.C. § 2000e-5(f)(1) requires that a civil action for violations of, inter alia, Title VII and the ADEA be filed within 90 days of the receipt of the EEOC's right-to-sue letter. See **Williams v. Thomson Corp.**, 383 F.3d 789, 790 (8th Cir. 2004); **Spears v. Mo. Dep't of Corrections**, 210 F.3d 850, 853 (8th Cir. 2000); **Garfield v. J. C. Nichols Real Estate**, 57 F.3d 662, 665 (8th Cir. 1995). Plaintiff was warned of this mandate in the right-to-sue letter.

Although this time restriction may be equitably tolled, see **Lyons v. Potter**, 521 F.3d 981, 983 (8th Cir. 2008), Plaintiff has not advanced any reason why it should be,[8] nor has she alleged that there was a delay of at least 64 days in her receipt of the right-to-sue letter.

Accordingly, Plaintiff's Title VII and ADEA claims are untimely and will be dismissed.[9]

<u>First and Fourteenth Amendments.</u>  Plaintiff also cites the First and Fourteenth Amendments as legal authority for her claims.  Claims may not be brought directly under the First or Fourteenth Amendments, but must be brought under 42 U.S.C. § 1983.  See **Wax 'n Works v. City of St. Paul**, 213 F.3d 1016, 1019 (8th Cir. 2000) (Fourteenth Amendment); **Wilson v. Moreau**, 440 F.Supp.2d 81, 92 (D. R.I. 2006) (First Amendment); **Orell v. UMass Mem'l Med. Ctr**, 203 F.Supp.2d 52, 71 (D. Mass. 2002) (First Amendment).  "Section 1983 creates a cause of action against a person acting 'under color of any statute . . . of any State' who deprives another of a federally protected right." **Carlson v. Roetzel & Andress**, 552 F.3d 648, 651 (8th Cir. 2008) (quoting § 1983).  "Only state actors can be held liable under Section 1983." **Id.** (quotations omitted).  To hold the Dierberg's Defendants and

---

[8] Plaintiff did allege that she diligently attempted to retain counsel, but was unsuccessful. "Courts have generally reserved the remedy of equitable tolling for circumstances which were truly beyond the control of the plaintiff." **Hill v. John Chezik Imports**, 869 F.2d 1122, 1124 (8th Cir. 1989).  A plaintiff's pro se status is not such a circumstance.  See **Walker v. Norris**, 436 F.3d 1026, 1033 (8th Cir. 2006); **Shoemate v. Norris**, 390 F.3d 595, 598 (8th Cir. 2004); **United States v. McIntosh**, 332 F.3d 550, 551 (8th Cir. 2003) (per curiam).

[9] Because the Court finds that Plaintiff's Title VII and ADEA claims are untimely, it will not reach all Defendants's alternative argument that her testimony at the unemployment hearing established that her discrimination claims were without merit.

the Union Defendants liable for Plaintiff's constitutional claims, the Court "require[s] joint action or conspiracy with state authorities." **Id.** There is not even a suggestion of such in Plaintiff's complaint.

<u>Duty of Fair Representation.</u>  Plaintiff is proceeding pro se; thus, her complaint must be liberally construed.  <u>See</u> **White v. Kautzky**, 494 F.3d 677, 680 n.1 (8th Cir. 2007); **Stringer v. St. James R-1 School Dist.**, 446 F.3d 799, 802 (8th Cir. 2006); **Stone v. Harry**, 364 F.3d 912, 914 (8th Cir. 2004).  Were her allegations of the Union Defendants failing to represent her as they should have be construed as a claim that Local 655 breached its duty of fair representation, see 29 U.S.C. § 185(a); **Miner v. Local 373**, 513 F.3d 854, 860 (8th Cir. 2008), her claim would nonetheless fail because it was filed too late.  Such claims are governed by a six-month statute of limitations that "begins running when the employee 'should reasonably have known of the union's alleged breach.'"  **Scott v. United Auto.**, 242 F.3d 837, 839 (8th Cir. 2001) (quoting <u>Evans v. Northwest Airlines, Inc.</u>, 29 F.3d 438, 441 (8th Cir. 1994)); <u>accord</u> **Schuver v. MidAmerican Energy Co.**, 154 F.3d 795, 800 (8th Cir. 1998).  Plaintiff was informed by letter dated August 13, 2007, that her union was not going to pursue her grievance any further.  She does not allege that she received any additional information, or learned of any new circumstances, after this date that would affect her conclusions about Local 655's breach as of August 13, 2007.  Consequently, her May 2008 complaint is untimely.

## **Conclusion**

A plain reading of Plaintiff's pro se complaint clearly indicates that she sincerely believes she was terminated unfairly. And, as noted above, however, that does not state a cause of action in Missouri unless the unfair termination also violates a contract or constitutional or statutory provision. There is no contract, and any claims of a statutory provision fail for the reasons set forth above.[10]

Accordingly,

**IT IS HEREBY ORDERED** that the motion for summary judgment of United Food and Commercial Workers Union Local 655, Scott Eschenbrenner, and Lynn Hoban is **GRANTED**. [Doc. 53]

**IT IS FURTHER ORDERED** that the motion for summary judgment of Dierberg's Markets, Inc., Eric Crist, Brian Voss, Andrew Rootz, Jason Bayer, Howard Meyer, Kimberly Bynum, Joyce Sullivan, Walter Cole, Joe Frazier, Linda Dunn, Judy Segelle, Steven Goldstein, and Mark Dierbergs is **GRANTED**. [Doc. 57]

**IT IS FURTHER ORDERED** that the motion for judgment of Lutherna Mae Patterson is **DENIED**. [Doc. 61]

An appropriate Judgment shall accompany this Memorandum and Order.

---

[10]Because Plaintiff's claims are either untimely or not cognizable, the Court will not address the individual Defendants's arguments that there is no individual liability for the Title VII, ADEA, and breach of the duty of fair representation claims.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of March, 2009.